Brian M. Blum, 024243
**NEELEY LAW FIRM, PLC**
2250 E. Germann Rd., Ste. 11
Chandler, Arizona 85286
Tel: 480.802.4647 | Fax: 480.907.1648
info@neeleylaw.com

*Attorneys for Debtor*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| In re:<br>Andra Lamar Rachal,<br>        Debtor.<br><br>Andra Lamar Rachal,<br>        Plaintiff,<br>  vs.<br>Villas West Seven Association,<br>        Defendant. | Chapter 13<br>Case No.: 2:13-bk-02397-GBN<br>Adv. No.: 2:13-ap-00734-GBN<br><br>**Response to Defendant's Motion to Dismiss** |

Plaintiff Andra Lamar Rachal hereby responds to Defendant's Motion to Dismiss this adversary proceeding. Relying on the recent Seventh Circuit decision of *Ryan*, and the Supreme Court's decision in *Dewsnup,* the Motion challenges the well-established principal that a wholly unsecured lien may be "stripped off" in a Chapter 13 case. Such reliance is misplaced as those cases hold only that liens may not be "stripped *down*" pursuant to § 506(d), whereas here Plaintiff seeks to strip *off* Defendant's wholly unsecured lien—not under § 506(d)—but rather pursuant to §§ 506(a) and 1322(b)(2) as the Ninth Circuit sanctioned in *Zimmer.*

*Memorandum of Points and Authorities*

In March of 2006, at the peak of the Phoenix real estate bubble, Plaintiff purchased the modest condominium described in the Complaint for $92,900. The purchase price was paid with $500 down and the balance split 80/20 between two notes secured by separate deeds of trust. In December 2012, the second position deed of trust was

voluntarily released and the debt forgiven pursuant to the holder's obligations under the National Mortgage Settlement Program. At the time of this writing, the Property is encumbered by the first position deed of trust and the lien held by the Defendant (the "Lien").[1] The Complaint alleges that Defendant's Lien it is valued at zero as the amount due on the first note exceeds the value of the Property and therefore it should be stripped off upon completion of the Chapter 13 Plan.

**I.  Lien-stripping in Chapter 13 Cases is Permissible When the Lien is Wholly Unsecured**

The Ninth Circuit held a decade ago that wholly unsecured liens, even liens secured to a debtor's residence, can be stripped off in Chapter 13. *Zimmer v. PSB Lending Corp.*, 313 F.3d 1220 (9th Cir. 2002).

The analysis from *Zimmer* is this:

1. Pursuant to § 1322(b)(2) a Chapter 13 plan may modify the rights of both:
    a. Holders of secured claims, *except* claims secured solely by an interest in the debtor's principal residence; and
    b. Holders of unsecured claims.
2. Whether a claim is secured or unsecured is determined by § 506(a). Under this section, a claim is secured to the extent of the value of the creditor's interest in the property, with the balance of the claim being unsecured. Where the value of a senior lien exceeds the value of the property, the junior liens are wholly unsecured.
3. The § 1322(b)(2) anti-modification exception for claims secured by a debtor's residence does not apply to wholly unsecured liens because those claims are unsecured pursuant to § 506.

//

---

[1] Defendant suggests that various recorded judgments are also liens on the Property. However, the Property is the Plaintiff's residence, and therefore subject to homestead protection; accordingly, the judgments did not liens on the Property. *In re Rand*, 400 B.R. 749 (Bankr. D. Ariz. 2008).

## II. *Dewsnup* and its Progeny Do Not Prohibit Lien Stripping Under §§ 506(a) and 1322(b)(2).

Defendant cites to the recently-decided Seventh Circuit case of *Ryan v. United States (In re Ryan)*, Case No. 12-3398 (7th Cir. Ct. App. July 8, 2013) for the proposition that the Supreme Court's decision in *Dewsnup v. Timm*, et al., 502 U.S. 410 (1992) prevents Chapter 13 debtors from stripping off wholly unsecured liens.

*Ryan*, as a Seventh Circuit decision, is not controlling authority in the Ninth Circuit; however, even if it were it is distinguishable from the situation here. In *Ryan*, the IRS had a pre-petition tax lien for nearly $137,000. The debtor argued that that the value of the tax lien should be stripped down, pursuant to § 506(d), to equal the current value of his assets—a mere $1,625. The court disagreed, and followed the Supreme Court's holding in *Dewsnup*, namely that § 506(d) does not give the debtor the power to strip-down a lien.

Defendant also directs the Court's attention to Judge Curley's decision in *In re Dyer*, 142 B.R. 364 (Bankr. D. Ariz. 1992). In *Dyer*, the debtors' homestead was subject to three liens. The second position lien was partially secured and the third lien was wholly unsecured. Judge Curly held, in light of *Dewsnup*, that the second and third liens survived the Chapter 13 discharge. *Dyer*, however, is in direct conflict with the Ninth Circuit's decision in *Zimmer* and is therefore implicitly overruled. Judge Curley herself seems to agree as undersigned counsel has successfully stripped off wholly unsecured liens in Judge Curley's court many times.

Here, Plaintiff does not seek to strip down the Defendant's Lien, nor does Plaintiff rely on § 506(d). Rather, Plaintiff seeks a determination that: (1) the Lien should be valued at zero because the value of the Property is less than what is owned on the senior lien; (2) the Lien is therefore wholly unsecured; and (3) accordingly the Lien can be stripped off pursuant to §§ 506(a) and 1322(b)(2).

This result is not inconsistent with *Dewsnup*—which held only that lien stripping is not authorized by § 506(d)—because here, again, the legal authority to lien strip comes

from §§ 506(a) and 1322(b)(2).

**III.   The Motion to Dismiss Should Be Denied Because the Complaint Sets Forth a Valid Claim**

To survive a motion to dismiss under Federal Rule 12(b)(6), made applicable here by Bankruptcy Rule 7012(b)(6), the complaint must contain sufficient factual allegations, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Here, the Defendant argues that there is no legal basis to strip off the lien and therefore the complaint fails to state a claim.

To the contrary, the ubiquitous practice of stripping off wholly unsecured liens in Chapter 13 is well grounded in the law of this Circuit and most others. *Zimmer*, *supra*; *Lane v. W. Interstate Bancorp (In re Lane)*, 280 F.3d 663 (6th Cir.2002); *In re Pond*, 252 F.3d 122,127 (2nd Cir. 2001); *Tanner v. First-Plus Fin., Inc. (In re Tanner)*, 217 F.3d 1357 (11th Cir. 2000); *In re Bartee*, 212 F.3d 277 (5th Cir. 2000) (Notably, the lien in question here was that of a homeowner's association); *McDonald v. Master Fin. Inc. (In re McDonald)*, 205 F.3d 606 (3d Cir. 2000); *Branigan v. Davis (In re Davis)* (4th Cir., 2013); *In re Griffey*, 335 B.R. 166 (10th Cir. BAP 2005); *In re Mann*, 249 B.R. 831 (1st Cir. BAP 2000).

**IV.   Conclusion**

Defendant's Lien is wholly unsecured pursuant to § 506(a) and therefore may be stripped off under § 1322(b)(2). Accordingly, the complaint states a claim upon which relief may be granted and therefore Defendant's motion to dismiss must be denied.

DATED: August 12, 2013     **NEELEY LAW FIRM, PLC**

*/s/Brian M. Blum*
Brian M. Blum
2250 E. Germann Rd., Ste. 11
Chandler, AZ 85286
*Attorneys for Debtor*

*Certificate of Service*

I certify that on August 12, 2013 I electronically transmitted this document to the Clerk's office using the CM/ECF system for filing and transmittal of a notice of electronic filing to the following CM/ECF registrants:

Mark E. Lines
Shaw & Lines, LLC
mlines@shawlines.com
*Attorneys for Defendant*

By: */s/Brian M. Blum*